# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| THRESA BATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:12CV138 HEA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## Facts and Background

Plaintiff was 43 years old at the time of the hearing. She graduated from high school. The ALJ found Plaintiff had the impairments of: obesity, hypertension, migraine headaches, a partial complex seizure disorder, and some

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

depression and social phobia controlled by medication and possible recent onset fibromyalgia. At the December 13, 2010 hearing, Plaintiff testified that she works part time caring for her father. Plaintiff is married and lives with her husband and two children, who were, at the time of the hearing, 19 and 20 years old. Plaintiff has a driver's license, but she testified she is not supposed to drive. Plaintiff weighs about 300 pounds. She cleans the house for her father, cleans his oxygen machine, vacuums, mops and cleans the floors. Plaintiff changes his sheets and makes his bed. She does the laundry, and shops for his groceries.

A medical expert also testified. From his review of the record and hearing Plaintiff's testimony, Dr. Gary Horner concluded that none of plaintiff's impairments met or equaled the criteria listed. Dr. Horner testified that Plaintiff appeared to have fairly good social functioning and the only limitation he would place would be some limitation in a crowded environment.

A vocational expert also testified. When asked a hypothetical question, the vocational expert testified that a person with claimant's education, past work experience, ability to lift 20 pounds occasionally and 10 pounds frequently, stand or walk for six hours out of eight, sit for six, could not perform her past relevant companion work. The VE testified that Plaintiff could perform egg handler work.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. §

1381, *et seq* was denied on January 14, 2009. On January 6, 2011, the ALJ issued an unfavorable decision. On June 14, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011)

(discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by

comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since probably November 10, 2008, however, she has continued working part-time as a

home care.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: Obesity, hypertension, migraine headaches, a partial complex seizure disorder, and some depression and social phobia controlled by medication and possible recent onset fibromyalgia.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform light work, except she is limited to lifting 20 pounds occasionally, 10 pounds frequently.  The ALJ determined that Plaintiff could not climb ropes, ladders and scaffolds; she could occasionally climb ramps and stairs and she should no more than occasionally balance, stoop, kneel, crouch, or crawl.  Plaintiff should also only occasionally have concentrated or excessive exposure to unprotected heights or dangerous moving machinery, and should avoid having more than occasional contact with the general public, concentrated exposure to extreme cold, vibration and the hazards of unprotected heights.

At Step Four, the ALJ determined that Plaintiff was incapable of performing her past relevant work.

At Step  Five, the ALJ determined there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  The ALJ therefore

determined that Plaintiff had not been under a disability from the onset date through the date of the decision.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

**Discussion**

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ erred by failing to find any impairments to be severe; (2) the ALJ erred in determining the Plaintiff's Residual Functional Capacity; (3) the ALJ erred in determining that Plaintiff did not meet or functionally equal impairment listing 11.02 or 11.03; (4) the ALJ failed to properly consider the impact of Plaintiff's obesity on her ability to work.

**Severe Impairments**

While Plaintiff argues that the ALJ erred in failing to find severe impairments. Although the ALJ did not use the word "severe," it is clear from the decision that he considered Plaintiff's impairments as severe throughout his analysis, and considered them in relation to Plaintiff's ability to work. The failure to label Plaintiff's impairments as severe does not negate the reality that the impairments were analyzed as such.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that they reduced her ability to perform her past relevant work. Thus, the ALJ determined that Plaintiff could only perform light work, with certain limitations, *i.e.*, she should only lift 20 pounds occasionally and 10 pounds frequently; she should only

occasionally perform certain functions, as listed above.

The medical evidence in the record supports the ALJ's conclusions. Plaintiff's seizures are controlled by medication. Plaintiff testified that she can walk around the block, that she performs significant tasks for her father, multiple examinations revealed normal range of motion in Plaintiff's joints, normal strength, normal reflexes, normal sensation, and normal coordination and gait.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

As the Commissioner correctly argues, the ALJ articulated the

inconsistencies on which he relied in discrediting Plaintiff's subjective complaints. Plaintiff was able to walk around the block, do laundry, cooking, cleaning for her father as his care giver, prepare snacks for her grown children. Plaintiff shops for groceries. The record supports the finding that Plaintiff's complaints were not entirely credible.

**Listing 11.02 or 11.03**

Listings §§ 11.02 and 11.03 require all of the following medical findings in order for a claimant to be found disabled at step three of the sequential evaluation process:

> 11.02 Epilepsy—convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment. With:
>
> A. Daytime episodes (loss of consciousness and convulsive seizures) or
> B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.
>
> 11.03 Epilepsy—nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more

frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. Part 404, Subpart P. appendix 1, §§ 11.02, 11.03.

Plaintiff had not been taking medication for 5 years previous to her

complaining of seizures on June 20, 2009. With medication, Plaintiff's seizures are well controlled. Throughout her medical encounters, Plaintiff would complain about various issues, e.g., migraines, but failed to complain of seizure issues. The single unobserved syncope episode on June 5, 2010 established that her lamotrigine level was low. Moreover, the record establishes that Plaintiff appears to have exaggerated her complaints. The ALJ did not err in failing to find Plaintiff did not meet the listings.

**Obesity**

Plaintiff argues that the ALJ failed to consider her obesity. To the contrary, as the Commissioner correctly argues, the Eight Circuit has repeatedly held that an ALJ sufficiently considered a Plaintiff's obesity where he specifically referred to the claimant's obesity in his decision. *Heino v. Astrue,* 578 F.3d 873, 881-882 (8th Cir. 2009).

The record clearly establishes that the ALJ considered Plaintiff's obesity in his decision finding that Plaintiff's obesity did not reduce Plaintiff's overall functional abilities. Indeed, Plaintiff testified that she is about to perform several tasks for her father and can walk around the block. Considering that the ALJ found some limitations in Plaintiff's ability to perform work, Plaintiff's argument that the ALJ did not consider her obesity is without merit.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of December, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**